IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE SCANLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| STATE FARM INSURANCE | ) |
| COMPANY, and JOHN KUPIEC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) Case No. 10 C 1067 |
| | ) |
| Counter-Plaintiff and | ) Magistrate Judge Morton Denlow |
| Cross-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DARLENE SCANLAN, | ) |
| | ) |
| Counter-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Cross-Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion filed by defendants the United States of America and John Kupiec to dismiss Plaintiff's two-count Amended Complaint, both for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons explained below, the Court 1) finds that it has jurisdiction; 2) finds that Count I states a claim for relief against the United States; 3) denies Plaintiff's request for rule 60(b) relief; 4) finds that Count II states a claim against State Farm; and 5) dismisses John Kupiec as a defendant.

## I. BACKGROUND FACTS[1]

This suit is the result of a settlement agreement gone bad in a previously filed action. The original case arose out of a December 12, 2006 car accident in which Defendant John Kupiec ("Kupiec"), a postal worker, struck Plaintiff Darlene Scanlan ("Plaintiff"). Plaintiff filed suit in the Circuit Court of Cook County, Illinois. Although the accident involved Kupiec's personal automobile, he was acting within the scope of his duties as a federal employee when he struck Plaintiff, so the United States removed the case (08 C 1506) to federal court and substituted itself as the party defendant pursuant to 28 U.S.C. § 2679(d). District Judge Blanche M. Manning dismissed that case on June 16, 2008 for Plaintiff's failure to exhaust administrative remedies.

After properly exhausting her administrative remedies, Plaintiff filed a Federal Tort Claims Act ("FTCA") action (08 C 3930) against the United States. On March 24, 2009, Plaintiff and the United States attended a settlement conference supervised by this Court and agreed to settle the FTCA case for $70,000. As a result, this Court dismissed the action in an order that converted to a dismissal with prejudice on June 30, 2009.

---

[1] The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of Plaintiff. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

Before the settlement conference, however, Plaintiff had also received a $50,000 settlement offer from State Farm Insurance Company ("State Farm"),[2] the insurer of Kupiec's private vehicle. On the same day as the settlement conference, Plaintiff's attorney contacted State Farm and informed the insurer that Plaintiff accepted its $50,000 offer. Plaintiff alleges that the United States was aware of this offer when the parties entered into their settlement agreement, though the agreement does not expressly reference the State Farm offer. Now, Plaintiff claims that her settlement with the United States was for $70,000 in addition to the $50,000 offered by State Farm, while the United States argues that it may be entitled to the State Farm settlement money "under a variety of theories, including subrogation . . . ." Mot. to Dismiss ¶¶ 5–6.

Plaintiff filed the present two-count action against the United States, Kupiec, and State Farm in the Circuit Court of Cook County, and the United States removed the action to federal court in accordance with 28 U.S.C. § 1442. The case was referred to this Court, and the parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Amended Complaint contains two counts. Count I names the United States as a defendant and requests that this Court adjudicate to zero the United States' interest in the State Farm settlement. In the alternative, Count I seeks Rule 60(b) relief from the judgment that dismissed Plaintiff's FTCA claim. Count II demands payment of $50,000 from State Farm or Kupiec. After the United States filed its motion to dismiss, State Farm filed a

---

[2] The Amended Complaint names "State Farm Insurance Company" as a defendant, while State Farm's request for interpleader refers to itself as "State Farm Mutual Automobile Insurance Company."

3

Counterclaim/Crossclaim for Interpleader naming Plaintiff and the United States as Counter-Defendant and Cross-Defendant, respectively. The motion to dismiss was directed only at Plaintiff's Amended Complaint, so this opinion does not address the later-filed interpleader action.

## II. LEGAL STANDARDS

In ruling on a motion to dismiss, "the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008). In a 12(b)(6) motion, the court can only consider the complaint and its attachments, but on a 12(b)(1) motion the district court may look beyond the jurisdictional allegations of the complaint to evidence that has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Id.* at 656–57. When the existence of subject matter jurisdiction is challenged by the defendant as a factual matter, the burden of proving jurisdiction rests with the plaintiff. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009).

## III. DISCUSSION

**A.    Subject Matter Jurisdiction**

In a suit against the United States, the plaintiff must identify both a statute that waives sovereign immunity and a federal law that affirmatively confers subject matter jurisdiction on the district court. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). As explained below, the federal quiet-title act waives sovereign immunity, and the Court has removal jurisdiction.

### 1. The Federal Quiet-Title Act Waives Sovereign Immunity

Sovereign immunity bars actions against the United States except in cases where Congress has statutorily waived the immunity. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). Courts narrowly construe statutes waiving sovereign immunity. *E.g.*, *McMahon v. United States*, 342 U.S. 25, 27 (1951). Plaintiff's Amended Complaint asserts that the United States has waived sovereign immunity in this case pursuant to 28 U.S.C. § 2410, the federal quiet-title act. The relevant subsection of that statute states:

> [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

§ 2410(a). The statute thus waives sovereign immunity from five types of actions concerning "real or personal property on which the United States has or claims a mortgage or other lien." Plaintiff contends that this provision covers the United States' claimed interest in her $50,000 settlement with State Farm.

First, the Court must determine whether Plaintiff has sufficiently alleged that the United States "has or claims a mortgage or other lien" on money owed by State Farm to

5

Plaintiff. § 2410(a). In actions under the quiet-title act, "The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States." § 2410(b). Of course, the lien need not be filed or otherwise formally established, because the quiet-title act covers actions in which the United States "has *or claims*" a lien. § 2410(a) (emphasis added); *see also Gateway Five, LLC v. Estate of Price*, No. 2:07-CV-249, 2007 WL 4260810, at **2–3 (E.D. Tenn. Nov. 30, 2007).

Here, the issue is somewhat complicated because the United States seems uncertain what legal theory may entitle it to the money. At oral argument, counsel for the United States noted that the government may claim either a subrogation right or a contractual interest in the funds. To the extent that the government's claimed interest in the money remains uncertain, however, the Court must view the facts in the light most favorable to Plaintiff. *See Evers*, 536 F.3d at 656. Therefore, the Court takes as true Plaintiff's assertion that the Government claims a common law subrogation right in Plaintiff's settlement with State Farm. Am. Comp. ¶ 13. Where jurisdiction depends on the nature of the government's claimed interest in property, the United States cannot defeat jurisdiction merely by refusing to take a position on the nature of that interest.

A subrogation right qualifies as a "lien" within the meaning of § 2410(a). Courts often refer to subrogation rights as giving rise to an equitable lien. *See, e.g.*, *In re Reliable Mfg. Corp.*, 703 F.2d 996, 1001 n.4 (7th Cir. 1983). Although the Court is unaware of other cases considering whether a subrogation right constitutes a "lien" under the quiet-title act, federal courts have concluded that similar charges on cash payments qualify as "liens" within

the meaning of § 2410(a). Specifically, taxpayers may use § 2410(a) to challenge a pending IRS levy on wages. *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993). A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, "the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed." *Id.*

Other federal courts have rejected the argument that the federal government's mere assertion of an interest in insurance proceeds amounts to a claimed "lien" under § 2410(a), but those cases are distinguishable. *See Bituminous Cas. Corp. v. Walden Res., LLC*, 672 F. Supp. 2d 835, 843 (E.D. Tenn. 2009) (collecting cases). In those cases, the government made direct claims on insurance policies, rather than claiming a lien on another's insurance payout. *See id.* at 837, 843. Indeed, one case in this line noted that § 2410(a) likely would have applied had the United States claimed an equitable lien rather than a contractual interest in the insurance proceeds. *Superior Beverage Co. v. Ohio*, 324 F. Supp. 564, 566 (N.D. Ohio 1971). Here, the claimed right to subrogation entails just such a lien and thus falls within the ambit of the quiet-title act.

Next, the Court must consider whether the Amended Complaint states one of the five causes of action listed in § 2410(a). The statute only covers actions 1) to quiet title, 2) to foreclose a mortgage or other lien, 3) to partition, 4) to condemn, or 5) of interpleader or in the nature of interpleader. Of the five, Plaintiff's complaint most resembles an action to quiet title to the funds held by State Farm. *See* § 2410(a)(1). Although quiet-title actions typically involve real property, § 2410(a) specifies that it applies to actions "to quiet title to . . . real or personal property . . . ." Therefore, plaintiffs may use § 2410(a)(1) to quiet title to money, which is simply a type of personal property. *See Harrell*, 12 F.3d at 234–35. Count I thus states a claim to quiet title under § 2410(a)(1).

Alternatively, Counts I and II taken together can be construed as an action "of interpleader or in the nature of interpleader." § 2410(a)(5). Of course, this is not a formal interpleader action, because Plaintiff is a claimant to the funds rather than a disinterested holder of the funds. But the quiet-title act also waives sovereign immunity concerning actions "in the *nature* of interpleader." § 2410(a)(5) (emphasis added). The word "nature" suggests an appeal to substance rather than form, so § 2410(a)(5) encompasses any interpleader-type dispute, rather than formalistically requiring that the stakeholder occupy the position of plaintiff. An old case from this district advances the formalistic approach, but other cases support the better interpretation, putting the nature of the dispute before the identity of the plaintiff. *Compare Johnson Serv. Co. v. H. S. Kaiser Co.*, 324 F. Supp. 745, 748–50 (N.D. Ill. 1971) *with Citizens Bank & Trust Co. of Md. v. United States*, 344 F. Supp. 866, 868 (D. Md. 1972), *and Lowndes Bank v. MLM Corp.*, 395 S.E.2d 762, 767 (W. Va.

1990).

Here, Counts I and II taken together set forth an action "in the nature of interpleader," because a disinterested third party, State Farm, holds funds to which both Plaintiff and the United States claim an interest. Indeed, State Farm has already filed a counterclaim/crossclaim for interpleader. Ultimately, the Amended Complaint falls within the quiet-title act's waiver of sovereign immunity, whether Count I is construed as an action to "quiet title" or Counts I and II together are interpreted as an action "in the nature of interpleader." Because the quiet-title act applies, the Court need not consider Plaintiff's alternate argument that the Federal Tort Claims Act also waives sovereign immunity.

### 2. The Court Has Removal Jurisdiction

As the United States noted at oral argument, § 2410 merely waives sovereign immunity and does not confer subject matter jurisdiction. *Harrell*, 12 F.3d at 234. This case, however, was removed from Illinois state court pursuant to 28 U.S.C. § 1442, which allows removal of cases in which the United States is a defendant. The Court notes that 28 U.S.C. § 1444 is the more obvious choice for removing a quiet-title act case, as the statute explicitly authorizes removal of "[a]ny action brought under section 2410." That said, Count I of this action still falls within the scope of § 1442, as a civil action against the United States. Moreover, even were the action removed using an incorrect statute, federal law would not require a remand only to have the case re-removed. *See Joliet v. New West, L.P.*, 562 F.3d 830, 833 (7th Cir. 2009) ("It would be pointless to order this suit remanded, only to have [defendant] re-remove it in a trice.").

Because Count II forms part of the same case or controversy as Count I, the Court has supplemental jurisdiction over Count II. *See* 28 U.S.C. § 1367(a). Counts I and II both concern the same dispute over who has priority to the State Farm settlement money, and thus arise from a "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Consequently, the Court has subject matter jurisdiction.

**B.     Relief Is Not Appropriate Under Federal Rule of Civil Procedure 60(b)**

As an alternative to adjudicating the United States' interest in the $50,000 State Farm settlement, Plaintiff requests Rule 60(b) relief from the dismissal that followed her settlement agreement with the United States.[3] But the proper vehicle for Rule 60(b) relief would have been a motion within the original lawsuit, not a prayer for relief in an independent action. Moreover, even looking past this defect in form, the Amended Complaint fails to specify any of the six grounds for relief listed in Rule 60(b), and it provides no allegations that justify Rule 60(b) relief. The Seventh Circuit has suggested that the mere existence of a dispute over a settlement agreement does not by itself warrant Rule 60(b) relief. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006). Therefore, Plaintiff's request for Rule 60(b) relief is denied.

**C.     Count II of the Amended Complaint Fails to State a Claim Against Kupiec**

---

[3] Plaintiff's Amended Complaint actually requests relief from the dismissal of case number 08 C 1506, the earlier case dismissed for failure to exhaust administrative remedies. Plaintiff's response to the motion to dismiss, however, argues for vacating the dismissal that followed the settlement agreement, case number 08 C 3930. Because requesting relief from the earlier dismissal would make little sense, the Court will construe Plaintiff's Rule 60(b) request as a prayer for relief from the later judgment in 08 C 3930.

10

Finally, although the Amended Complaint states claims against the United States and State Farm, it fails to state a claim against Kupiec. The Amended Complaint alleges that Scanlan entered into a binding settlement agreement with State Farm but that State Farm has refused to pay because the United States has asserted an interest in the money. Nowhere does the Amended Complaint allege that Kupiec himself made promises or has any obligations under the State Farm settlement agreement, and yet Count II requests that Kupiec be held jointly liable on State Farm's promise to pay $50,000.

Plaintiff argues that Kupiec is a proper party to the action because Illinois is not a "direct action state," such that car accident victims cannot sue a driver's insurance company directly for their injuries. *See Reagor v. Travelers Ins. Co.*, 415 N.E.2d 512, 515 (Ill. App. Ct. 1980). But here, Plaintiff is suing State Farm on a settlement agreement, not for personal injuries, and the Amended Complaint asserts no viable contract claim against Kupiec. Thus, although the Amended Complaint states claims against the United States and State Farm, it fails to state a claim against Kupiec.

## CONCLUSION

**For the reasons set forth in this opinion, the motion to dismiss is granted in part and denied in part. The motion to dismiss for lack of jurisdiction is denied. Count I states a claim for relief against the United States. Plaintiff's request for Rule 60(b) relief in Count I is denied. Count II states a claim against State Farm. Defendants' motion to dismiss John Kupiec as a defendant is granted. Defendants shall file their**

**answer to Plaintiff's Amended Complaint on or before October 20, 2010.**

**SO ORDERED THIS 22nd DAY OF SEPTEMBER, 2010.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Kenneth T. Lumb
Corboy & Demetrio, P.C.
33 North Dearborn Street
21st Floor
Chicago, IL 60602

Counsel for Plaintiff

Gina Brock
Assistant United States Attorney
219 S. Dearborn St.
Chicago, IL 60604

Counsel for United States

Glen E. Amundsen
Adrienne R. Brooks
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601

Counsel for State Farm Mutual
Automobile Insurance Company